IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-CV-2783

Plaintiff,

ROXANNE RUSSELL,

v

Defendant,

UNITED STATES OF AMERICA.

## COMPLAINT

Plaintiff Roxanne Russell, through counsel, alleges as follows:

1. This Complaint against the United States of America is brought under the Federal Tort Claims Act for negligent medical care by employees and agents of the Cheyenne, Wyoming Veterans Administration Medical Center ("VAMC") which caused Roxanne Russell to suffer permanent injuries, damages, losses and disability as described below.

2. Roxanne Russell is a resident of Weld County, Colorado, and an honorably discharged veteran of the United States Navy.

3. VAMC is a health care center organized under the United States Department of Veterans Affairs. Each medical provider who cared for Roxanne Russell at VAMC, including Robyn Peckham, M.D. was at all relevant times an employee or agent of VAMC, acting within the scope of his or her employment or authority as an agent. The United States of America is therefore the appropriate party Defendant.

4. This Court has original jurisdiction of this action pursuant to 28 USC §1331 and under 42 USC §233 and under the Federal Tort Claims Act, 28 USC §§1346(b), 2401(b), and 2671-2680.

5. Plaintiff's counsel timely submitted to the U.S. Department of Veterans Affairs a Notice of Claim Form ("Standard Form 95"), which was received by that Department on February 23, 2016.

6. As of the date of the filing of this Complaint, more than six months has passed and the U.S. Department of Veterans Affairs has failed to make final disposition of Ms. Russell's

claim. This constitutes a final denial of Ms. Russell's claim. Plaintiff has therefore exhausted her administrative remedies.

7. Plaintiff resides in the District of Colorado, making venue proper in the District of Colorado. 28 USC §1402(b).

8. On April 21, 2014 Ms. Russell underwent a right total knee arthroplasty (TKA) at the Cheyenne, Wyoming Veterans Administration Medical Center, performed by Dr. Robyn Peckham. The surgery was recommended to Ms. Russell due to degenerative arthritis in her right knee and associated pain and dysfunction.

9. The implants used during the April 21, 2014 surgery included a Smith and Nephew Genesis II femoral component, size 6, a tibial component, size 4, with a 9-mm high flex poly and a 23-mm biconvex inset patellar component.

10. Following the April 21, 2014 surgery, Ms. Russell experienced progressive worsening pain, dysfunction and limitation in her right knee. Ms. Russell attended several post-operative follow up visits with Dr. Peckham without adequate relief of these symptoms.

11. On September 4, 2014, Ms. Russell presented to Dr. Riley Hale, an Orthopedic Surgeon in Greeley, Colorado, for a second opinion. As of this visit Ms. Russell was experiencing constant pain with weight bearing, recurrent swelling, decreasing range of motion, decreased mobility, joint instability, limping and swelling. X-rays taken during this visit revealed an oversized femur; the tibial cut was in varus (turned inward toward the midline of the body to an abnormal degree), with medial tibial overhang. Dr. Hale concluded that Ms. Russell's symptoms were due to improper sizing and position of both the femoral and tibial components. Dr. Hale recommended a revision of Ms. Russell's right TKA.

12. On December 31, 2014, Ms. Russell underwent a right revision TKA surgery performed by Dr. Hale. Findings at surgery revealed significant hyperextension, and at least 5 mm of overhang of the tibial baseplate starting anterior medial and extending all the way around the posterior medial aspect of the tibia. The femur was found to be quite large. Significant lateral bone was removed upon freshening the tibial cut as the original cut was in varus (turned inward toward the midline of the body to an abnormal degree). Also, the femur was in slight internal rotation. A Depuy size 2.5 MBT revision tibial tray with a 29 porous sleeve was used with a 2.5 femoral TC3 femoral component with a 31 mm porous sleeve. The patella was left unchanged.

13. Following the December 31, 2014 revision, Ms. Russell continued to struggle with pain, tenderness and instability over the entire aspect of her right anterior knee. As of August, 2015, her symptoms had progressed to a point where Dr. Hale recommended a second revision surgery.

14. On October 15, 2015, Ms. Russell underwent a second right revision TKA surgery performed by Dr. Hale.

15. Since the October 15, 2015 surgery, Ms. Russell has continued to experience ongoing and worsening pain, dysfunction and limitation in her right knee. Her condition has progressed and her discomfort is nearly constant. These symptoms are negatively-impacting every aspect of her personal and vocational functioning. She is experiencing substantial difficulty completing necessary daily tasks including work, as the symptoms are exacerbated by most activity and are generally the worst at the end of the workday. She is experiencing exacerbated depression and anxiety, sleep disturbance and daily fatigue.

16. In July, 2016, Ms. Russell came under the care of a Pain Management physician and was diagnosed with bilateral lower extremity complex regional pain syndrome (CRPS). Her medical care is ongoing and her prognosis is uncertain.

17. At all relevant times Dr. Peckham was an orthopedic surgeon employed by VAMC. Defendant United States of America is responsible for all negligent acts and/or omissions of Dr. Robyn Peckham during the relevant timeframe.

18. Dr. Peckham owed Plaintiff Roxanne Russell a duty to exercise that degree of care, skill, caution, diligence and foresight exercised and expected of physicians under the same or similar circumstances.

19. Dr. Peckham deviated from the standard of care required and was negligent in her care and treatment of Plaintiff Roxanne Russell. Dr. Peckham's negligence included, but is not limited to the following:

    a. Improperly performing the original right TKA on April 21, 2014;

    b. Oversizing the femoral component;

    c. Cutting the tibia in varus;

    d. Incorrectly placing the tibial component in varus;

    e. Causing the tibial implant to overhang the medial side of the tibia;

    f. Improper use of a tourniquet in connection with the April 21, 2014 surgery.

20. As a direct and proximate result of Dr. Peckham's negligence, Plaintiff Roxanne Russell has suffered injuries, damages and losses, including but not limited to lower extremity complex regional pain syndrome (CRPS), past and future economic damages, past and future non-economic damages, past and future physical impairment, and past and future disfigurement.

21. As a direct and proximate result of Dr. Peckham's negligence, Plaintiff Roxanne Russell has past and future damages for pain, suffering, inconvenience, emotional distress, and impairment of quality of life.

22. As a direct and proximate result of Dr. Peckham's negligence, Plaintiff Roxanne Russell has and will incur damages pertaining to ongoing medical expenses, lost income and lost earning capacity, home services, home alterations, medical care, therapy, pharmaceuticals, surgeries, prostheses, medical devices, transportation, travel, and other expenses.

WHEREFORE, Plaintiff Roxanne Russell prays for an award of compensatory damages in favor of the Plaintiff and against the Defendant in an amount to be determined by the trier-of-fact, and an award of pre-filing interest, post-filing interest, pre-judgment interest, post-judgment interest, all other interest permitted by law, all costs permitted by law, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate.

Respectfully submitted this 15th day of November, 2016.

**PARKER LIPMAN LLP**

*s/ Christopher Koupal*
Christopher P. Koupal, #35516
Daniel A. Lipman, #35046
Attorneys for Plaintiff

Plaintiff's Address:

864 School House Drive
Milliken, CO  80543