## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-CV-2783-RM-MJW

ROXANNE RUSSELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

---

## DEFENDANT'S MOTION TO DISMISS FOR LACK
## OF SUBJECT MATTER JURISDICTION

---

Defendant United States of America, through undersigned counsel, moves to dismiss Plaintiff's complaint [Doc. 1] pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff's claim for medical negligence brought under the Federal Tort Claims Act should be dismissed because she did not comply with Wyoming tort law by filing a claim with the Wyoming Medical Review Panel before filing her lawsuit in federal court.

## FACTUAL BACKGROUND

Plaintiff, a Navy veteran, filed this negligence action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2671, *et seq.*, for injuries she received during a medical procedure at the Veterans Affairs Medical Center in Cheyenne, Wyoming ("VA" or "VAMC"). [Doc. 1]. Plaintiff, a resident of Weld County, Colorado, alleges that, on April 21,

2014, she was injured when a VA orthopedic surgeon negligently completed a right total knee arthroplasty. *Id.* at ¶ 8.

Plaintiff, through counsel, timely filed a tort claim with the VA on February 23, 2016. [Doc. 1, ¶ 5]. After engaging in settlement discussions with the VA, Plaintiff deemed her administrative claim as denied on August 23, 2016, [Doc. 19, ¶ 5], and filed this lawsuit on November 15, 2016. [Doc. 1].

Wyoming law governs Plaintiff's FTCA claim for medical negligence because the alleged act of negligence occurred in Wyoming. 28 U.S.C. § 1346(b) (The United States is liable to the claimant "in accordance with the law of the place where the act or omission occurred.").

In 2005, Wyoming enacted a pre-suit review process for medical negligence claims through the establishment of a medical review panel.[1] Wyo. Stat. Ann. §§ 9-2-1514 through 9-2-1522 (the "Wyoming Act"). Prior to a suit being filed in any court, the Wyoming Medical Review Panel "shall review all malpractice claims against health care providers." Wyo. Stat. Ann. § 9-2-1518.

More specifically, the Wyoming Act states that "[u]nless submission to the panel is waived in accordance with [Wyo. Stat. Ann. §] 9-2-1519(a), no complaint alleging malpractice shall be filed in *any* court against a health care provider before a claim is made to the panel and its decision is rendered." *Id.* (emphasis added). A waiver is only effectuated when both parties, in writing, state that they are waiving panel review in advance of filing suit. Wyo. Stat. Ann. § 9-2-1519(a).

---

[1] Additional information about the Wyoming Medical Review Panel can be found at: http://ag.wyo.gov/medical-review-panel.

Section 9-2-1519 of the Wyoming Act sets forth what information must be contained in the claim to the panel. Wyo. Stat. Ann. § 9-2-1519 (a claim shall contain "(i) A statement in reasonable detail of the elements of the health care provider's conduct which are believed to constitute a malpractice claim, the dates the conduct occurred, and the names and addresses of all health care providers having contact with the claimant relevant to the claim and all witnesses.").

The stated purpose of the Wyoming Act is "[t]o prevent where possible the filing in court of actions against health care providers and their employees for professional liability in situations where the facts do not permit at least a reasonable inference of malpractice." Wyo. Stat. Ann. § 9-2-1514.

Plaintiff has not filed a claim with the Wyoming Medical Review Panel. *See* Doc. 1 (Plaintiff's complaint contains no allegation that she filed a claim in Wyoming).[2]

Per the Court's Order granting Plaintiff's request for a hearing on this issue, the Court also ordered the parties to brief the application of any applicable statute of limitations and any tolling of the same. [Doc. 20]. The Court set an oral hearing on these issues to occur on February 2, 2017, at 2 p.m. [Doc. 22].

## ARGUMENT

Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the FTCA is a limited waiver of sovereign immunity, which is a jurisdictional issue. Were Plaintiff suing a private medical provider under like circumstances, she would be barred from filing suit under Wyoming law because she did not first submit her claim to the Wyoming Medical Review Panel as required by the Wyoming Act. Accordingly, Plaintiff does

---

[2] Based on communications with Plaintiff's counsel, Plaintiff does not dispute that she did not file a claim with the panel. Undersigned counsel also contacted the Wyoming Medical Review Panel, and their staff verified that no claim has been filed for care related to this case.

3

not bring a cognizable FTCA claim against the United States, depriving the Court of subject matter jurisdiction.

Pursuant to the Court's Order seeking additional briefing on any applicable statute of limitations, and any tolling of the same, Defendant will brief its position on this issue, to the extent known at this time, in Section III below. However, Defendant submits that such limitations issues are unrelated to its motion to dismiss for lack of subject matter jurisdiction.

## I. Governing standards

### A. Rule 12(b)(1) standard

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and the burden of proving subject matter jurisdiction rests with the party invoking it. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). "Indeed, '[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Id.* (quoting *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014).

"Subject-matter jurisdiction involves a court's authority to hear a given type of case ... and may not be waived." *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (internal citations omitted). Challenges to subject matter jurisdiction may be raised at any stage in a case, and a court must dismiss the case if subject matter jurisdiction is lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits

which a court lacking jurisdiction may not render). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

### B. The FTCA provides a limited waiver of the United States' sovereign immunity, and the question of whether sovereign immunity exists is jurisdictional.

Plaintiff brings suit pursuant to the FTCA, "which waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (citing 28 U.S.C. § 1346(b)). The question of whether sovereign immunity exists "is jurisdictional in nature." *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.*, 786 F.3d 817, 820 (10th Cir. 2015) (quoting *Meyer*, 510 U.S. at 475) (interpreting scope of sovereign immunity under FTCA); *accord Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003); *Normandy Apartments, Ltd. v. United States Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject matter jurisdiction where applicable."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. Indeed, the United States Supreme Court recently commented that Section 1346(b)'s waiver of sovereign liability is a jurisdiction-granting provision. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1637 (2015) (in holding that FTCA's statute of limitations provision, 28 U.S.C. § 2401(b), is not jurisdictional, recognizing 28 U.S.C. § 1346(b) as the "FTCA's jurisdictional provision" allowing courts to hear suits "under circumstances where the United States, if a private person, would be liable to the claimant.")

The FTCA subjects the government to suit for negligence to the same extent as a private party in the state where the act or omission occurred. 28 U.S.C. § 1346(b) (Section 1346(b) states, in relevant part, that an employee of the United States shall be liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). Therefore, in order for a claim to be cognizable under Section 1346(b), a plaintiff "must allege, *inter alia*, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)); *Pappas v. United States*, 617 F. App'x 879, 881 (10th Cir. 2015) (unpublished) ("To state a cognizable claim under § 1346(b), the FTCA's jurisdictional grant, a complaint must allege the elements of that provision, including as relevant to the case at bar, that a private person would be liable to the plaintiff under the tort law of the state where the act or omission occurred.").

"A claim that fails to allege facts sufficient to meet this requirement must be dismissed for lack of subject matter jurisdiction." *Id.* (citing *Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir. 1996) (finding plaintiff failed to state cognizable FTCA claim, where allegations failed to satisfy necessary elements to state a cause of action under New York law).

**II.    Because Plaintiff failed to file a claim with the Wyoming medical review panel, her medical negligence claim is not cognizable under the Federal Tort Claims Act, and this Court lacks subject matter jurisdiction over it.**

In her complaint, Plaintiff has not alleged that she is entitled to relief under Wyoming tort law. [Doc. 1]. More specifically, she has not alleged that she submitted a medical negligence claim to the Wyoming Medical Review Panel prior to filing her claim in federal court, as required by the Wyoming Act. *Id.*

The Wyoming Act states that:

> Unless submission to the panel is waived in accordance with W.S. [§] 9-2-1519(a) [requiring agreement by both parties in writing], no complaint alleging malpractice shall be filed *in any court* against a health care provider before a claim is made to the panel and its decision is rendered.
>
> *see* Wyo. Stat. Ann. § 9-2-1518 (emphasis added).

The Tenth Circuit has specifically held that the Wyoming Act applies to medical claims brought by claimants pursuant to the FTCA. *Van Dyke v. United States*, 457 F. App'x 721, 726 (10th Cir. Jan. 11, 2012) (unpublished). In *Van Dyke*, the Court first acknowledged that "the government's source of substantive liability under the FTCA is the law of the place where the allegedly negligent or wrongful act or omission occurred—in this case, Wyoming." *Id.* (internal quotation omitted). Then, the 10th Circuit held that compliance with the Wyoming Act is a mandatory requirement that is part of the substantive law of the place giving rise to an FTCA medical malpractice claim against a Wyoming medical provider. *Id.* Accordingly, the court upheld the district court's dismissal of the complaint for failure to submit a claim to the Wyoming Medical Review Panel prior to filing suit in court against a medical provider for care provided in Wyoming. *Id.*

In reaching this conclusion, the Court acknowledged the fundamental principle under the FTCA that: "Where, as here, a state statute benefits a private person by restricting medical malpractice suits, the United States in an FTCA case must receive the same benefit." *Id.* at 727.

The *Van Dyke* court also rejected the plaintiff's argument that initiating a proceeding with the Wyoming Medical Review Panel would have been futile because the federal government would not have participated in that forum. *Id.* The court stated that:

> [A] claimant's compliance with the Wyoming Act's requirements is mandatory, even if a health care provider ultimately chooses not to participate in the process. Because a claimant's obligations are not excused when a private provider declines to participate, they likewise cannot be excused merely because the United States will not participate.

7

*Id.* (internal quotation and citation omitted). The court in *Van Dyke* also relied on *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004), which held that a claimant bringing a FTCA suit for medical negligence under Colorado law was required to comply with the state's requirement that a certificate of review be filed indicating the claim had been reviewed by an expert. *Id.*

More recently, following *Van Dyke*, a court in this District dismissed a claimant's FTCA medical malpractice claim against the United States for failure to comply with the Wyoming Medical Panel Review process prior to filing suit. *See Fogle v. United States*, No. 14-cv-00486-REB-KLM (D. Colo. Sep. 14, 2016) (unpublished). Granting the Government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court held that failure to allege or present facts showing compliance with the Wyoming Act's pre-suit requirement meant that "plaintiff has not demonstrated the United States waived its sovereign immunity under the FTCA." *Id.* at *2 (adopting recommendation to dismiss for lack of subject matter jurisdiction, which was issued approximately one month before bench trial).

As in *Van Dyke* and *Fogle*, Plaintiff's claim here fails too. Plaintiff received medical treatment at the VAMC in Cheyenne, Wyoming, from a health care provider (Dr. Robyn Peckham, M.D., an orthopedic surgeon) who falls within the coverage of the Wyoming Statute. *See* Wyo. Stat. Ann. § 9-2-1515;[3] Doc. 1, ¶¶ 1, 3, 8. Dr. Peckham was an employee of the Department of Veterans Affairs at the time of the alleged negligence. [Doc. 1, ¶ 3]. Plaintiff did not file a medical negligence claim with the Wyoming Medical Review Panel prior to filing suit

---

[3] Under the Act, health care provider "means a person or facility licensed, certified or otherwise authorized by the law of this state to provide health care in the ordinary course of business or practice of a profession, but does not include a person who provides health care solely through the sale or dispensing of drugs or medical devices." Wyo. Stat. Ann. § 9-2-1515(a)(i).

in federal court. As such, she has not complied with Wyoming tort law, which is the substantive law upon which the government's waiver of sovereign immunity is based. Because Plaintiff has not satisfied the condition precedent before filing suit, she is unable to maintain a claim for medical negligence under Wyoming law. Plaintiff's claim is therefore not cognizable under the FTCA, which subjects the United States to liability only to the same extent as a private individual in Wyoming.

In other words, assuming Dr. Peckham was a private physician in Wyoming, Plaintiff would not be able to maintain a medical malpractice action against her in state or federal court because Plaintiff has not satisfied the condition precedent created by the Wyoming Statute. Likewise, Defendant in this case is entitled to the same process afforded by the Medical Review Panel as a private physician in Wyoming. *Van Dyke*, 457 F. App'x at 726 ("[C]ompliance furthers Wyoming's goal of "prevent[ing] where possible the filing in court of actions against health care providers and their employees for professional liability in situations where the facts do not permit at least a reasonable inference of malpractice."). This condition precedent has not been waived or excused by the fact that the alleged medical negligence may have been attributable to a VA doctor rather than a private physician in Wyoming. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim.

### III. Issues related to the FTCA's six-month statute of limitations for filing suit and the Government's position that any Wyoming tolling provisions would not toll the FTCA's statute of limitations.

The Court ordered the parties to provide additional briefing on any applicable statute of limitations, and any tolling of the same. [Doc. 20]. Although Defendant submits that such limitations issues are unrelated to its motion to dismiss for lack of subject matter jurisdiction, Defendant herein provides its position on this issue, to the extent known at this time.

Under the FTCA, "[f]ederal law bars any tort claim against the United States unless it is presented to the appropriate federal agency within two years of the claim's accrual, and filed within six months after notice of denial of the claim by that agency." *Franklin Sav. Corp.,* 385 F.3d 1279, 1287 (10th Cir. 2004) (citing 28 U.S.C. § 2401(b), in relevant part: "[A] tort claim against the United States shall be forever barred unless ... action is begun within six months after the date of mailing ... of notice of final denial of the claim by the [appropriate Federal] agency to which it was presented.").

The parties do not dispute that Plaintiff timely filed her administrative claim with the VA, received on February 23, 2016, [Doc. 1, ¶ 5], in compliance with the FTCA's two-year statute of limitations from the date of accrual of her claim, April 21, 2014. 28 U.S.C. § 2401(b).

With respect to the FTCA's six-month filing requirement from the date a claim is denied, *id.*, here, Plaintiff has not, to date, received a formal denial letter from the VA because the VA and plaintiff were engaged in correspondence and potential settlement discussions until Plaintiff filed suit on November 15, 2016. [Doc. 19, ¶ 5]. Pursuant to 28 U.S.C. § 2675(a), a plaintiff who does not receive a formal denial letter may consider her administrative claim "deemed denied" after six months from the date she submitted her claim to the appropriate agency. 28 U.S.C. § 2675(a).

 At this time, it is unclear when Plaintiff's claim was "deemed denied" for purposes of triggering the FTCA's six-month statute of limitations for filing suit in federal court. Plaintiff has stated that her claim was "deemed denied" on August 23, 2016, which was six months after submission of her administrative claim to the VA. [Doc. 19, ¶ 5]. However, arguably, Plaintiff's claim was "deemed denied" as of the date that Plaintiff filed her lawsuit—November 15, 2016—since such constructive denial of an administrative claim is a prerequisite to filing an FTCA

action in court. *Cf. Barnes v. United States*, 776 F.3d 1134, 1140 (10th Cir. 2015) (finding that § 2675(a)'s "deemed denial" provision was triggered when agency issued final denial letter, but not addressing question of whether a plaintiff's filing of lawsuit constitutes a "deemed denial," triggering running of six-month limitations period). Again, to date, the VA has not issued a formal letter of denial of Plaintiff's claim. Accordingly, it is unclear at this time what date constitutes the deemed denial date for purposes of triggering the FTCA's six-month statute of limitations. Assuming this date is, as Plaintiff states, August 23, 2016, then the six-month period will run up to February 19, 2017. Assuming this date is the date of the filing of this lawsuit, November 15, 2016, then the six-month period will run up to May 14, 2017.

Turning to the issue of the applicability of any tolling provisions, counsel have conferred and Plaintiff's counsel have stated that, were the Court to find that the Wyoming Statute applies to Plaintiff's claim, requiring submission of her claim to the Wyoming Medical Review Panel, the Wyoming Statute's tolling provision would apply to toll the running of any applicable statute of limitations.[4]

At this time, Defendant does not take a position as to whether or not Plaintiff's lawsuit, if dismissed for lack of subject matter jurisdiction, would be time-barred under the FTCA's six-months limitation period, since the necessary facts are currently unknown. For example, it is unknown when Plaintiff would, if necessary, submit her claim to the Wyoming Medical Review Panel, or how long the panel would take to complete its review process.

Nevertheless, in the event that Plaintiff asserts that the Wyoming Statute's tolling provision applied for purposes of tolling the FTCA's statute of limitations, Defendant would

---

[4] The Wyoming Statute does contain a tolling provision, which states that: "The running of the applicable limitation period in a malpractice action is tolled upon receipt by the director of the claim and does not begin again until thirty (30) days after the panel's final decision, or seventy-five (75) days after the panel's last hearing, whichever occurs earlier." Wyo. Stat. Ann. § 9-2-1518(a).

11

disagree with this position because state law tolling rules do not apply to the FTCA's statute of limitations.  *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); S*imons v. Sw. Petro-Chem, Inc., a Div. of Witco Chem. Corp.*, 28 F.3d 1029, 1030-31 (10th Cir. 1994); *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 275 (10th Cir. 1991) ("Congress has expressly stated the applicable limitation period for FTCA claims and reference to state law is therefore inappropriate.").

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court should dismiss Plaintiff's claim for lack of subject matter jurisdiction, because she failed to file a medical negligence claim with the Wyoming Medical Review Panel prior to filing suit in federal court.  Plaintiff's failure to comply with this condition precedent imposed by Wyoming tort law deprives the Court of subject matter jurisdiction because under the FTCA the United States has only waived its sovereign immunity for negligence claims to the extent that liability could be imposed upon a private physician sued for medical negligence.

WHEREFORE Defendant respectfully requests that the Court dismiss Plaintiff's suit, enter judgment in its favor, and award any other relief deemed just and proper.

Dated January 26, 2017

ROBERT C. TROYER
Acting United States Attorney

*/s/ Jacob Licht-Steenfat*_____
Jacob Licht-Steenfat
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, CO 80202
(303) 454-0100
Jacob.licht-steenfat@usdoj.gov
*Attorney for United States of America*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will transmit notice of this filing to the following participants who are registered CM/ECF users and receiving notices for this matter:

  Christopher P. Koupal
  *chris@parkerlipman.com*

  Daniel A. Lipman
  *dan@parkerlipman.com*

  *Attorneys for Plaintiff*

  And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant(s) in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

  None.

                s/ *Jacob Licht-Steenfat*
                U.S. Attorney's Office